### NEWTON v. SANFORD, Warden.

No. 11402.

Circuit Court of Appeals, Fifth Circuit.

Nov. 6, 1945.

Charles Stanton Newton, in pro. per.

M. Neil Andrews, U. S. Atty., and Harvey H. Tisinger and F. Douglas King, Asst. U. S. Attys., all of Atlanta, Ga., for appellee.

Before SIBLEY, McCORD, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

Under Sec. 643.1 et seq., of the Regulations, provisions are made whereby a person convicted of violating the Selective Training and Service Act of 1940, as amended, 50 U.S.C.A.Appendix § 301 et seq., may be paroled by the Attorney General for service in the land or naval forces of the United States, or for work of national importance under civilian direction, or for any other special service established pursuant to said Act "if in the judgment of the Attorney General it is compatible with the public interest and the enforcement of the Selective Training and Service Act" and if the parole has been recommended by the Director of Selective Service.

Appellant, an inmate of the Federal Penitentiary at Atlanta, had been convicted and sentenced for a violation of that Act, and was classified by a special Selective Service Panel, or Local Board for that institution, in Class 1–A. He was rejected at the induction center and sent back to continue the serving of his sentence. The Attorney General at no time ever issued to him a parole.

He brought habeas corpus proceedings in the Court below on the theory that since he had been classified for induction and had been willing to be inducted into the armed forces, parole should follow as a matter of right regardless of the fact that he was rejected and never inducted. The lower Court properly decided against his contention.

The granting of a parole for induction is dependent upon the discretion of the Director of Selective Service and the Attorney General. Even if an incarceratee had actually been paroled to the armed forces and had actually served a part of the time specified in the order granting parole, he might still be returned to complete the prison sentence originally imposed, and without deduction of time spent on parole,

if the Attorney General should so determine.[1]

Not only was appellant never paroled for induction, but he was never inducted. It was never provided that the Attorney General would, even in the exercise of his discretion, parole a prisoner for induction who, because of physical disabilities, could never be inducted, but even if such were permissible in his discretion the Court could not, in habeas corpus proceedings, control that discretion. It belongs to the Attorney General and not to the courts.

Affirmed.

---

[1] Sec. 643.6 of the Regulations under Selective Training and Service Act of 1940, as amended, provides that:

"Any person who is paroled for service in the land or naval forces of the United States but is not actually inducted into said forces or who after induction and before completion of the service specified in the order granting the parole is discharged from such forces may then be paroled by the Attorney General, upon recommendation of the Director of Selective Service, to work of national importance under civilian direction or to any special service established by the Attorney General pursuant to the Selective Training and Service Act of 1940, as amended, or may be returned to a penal or correctional institution to complete the sentence originally imposed with or without deduction for the time spent on parole as the Attorney General may determine."